suppressed

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

MAR 31 2023

KEVIN P. WEIMER, Clerk
By: Kimberly Hutchis Deputy Clerk

In re:

Latney A. Russell
21595 S 231st Way
Queen Creek, AZ 85142
Pro Se Plaintiff (Pro Se),

CIVIL ACTION NO.
1:23-cv-00796 MHC

HON. JUDGE MARK H. COHEN

LATNEY A. RUSSELL

        Pro Se Plaintiff,

Vs.

FLIXBUS INC.
&
WILLIAM CHARTERS & TOURS
(Proposed Defendant)

Defendants.

**PLAINTIFF'S MOTION TO SEEK LEAVE OF THIS HONORABLE COURT TO AMEND HIS COMPLAINT; AND MOTION TO SEEK CONSEQUENTIAL REMEDIES.**

Comes Now the Plaintiff (Pro Se) Latney A. Russell and submits his Motion to Seek Leave of this Honorable Court to amend his Complaint as under:

**Note:** The Plaintiff relies on all the facts, assertions, statements, exhibits, and prayers alleged/quoted in his main Complaint while replying to this motion and submits before this honorable Court to have a thorough scrutiny of his previous pleadings before adjudicating upon these pleadings of the parties.

## STANDARD TO REVIEW PRO-SE PLEADINGS

1. The Plaintiff is litigating as a pro se litigant. And it is held time and again by honorable apex courts that the pro se litigants are entitled to a less stringent standard of review by the Court as they are not supposed to be jurists. For the kind perusal of this honorable Court, some of the judgments are quoted as under:

"*Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. *Hughes,* 449 U.S. 5, 101 S. Ct. 173, 66 L. Ed. 2d 163 (1980).

The Supreme Court has indicated that pro se litigants must have the opportunity to present their claims to the courts. See Cruz v. Beto, 405 U.S. 319 (1972); Haines v. Kerner, 404 U.S. 519 (1972).

The mandated liberal construction afforded to *pro se* pleadings means that if the Court can reasonably read the pleadings to state a valid claim on which the Plaintiff could prevail, it should do so, but a district court may not rewrite pleadings to include claims or defenses that never were presented. *Barnett v. Hargett,* 174 F.3d 1128 (10th Cir.1999).

Pro se pleadings should be viewed with special care, see Haines v. Kerner, 404 U.S. 519 (1972), a litigant with counsel may allege crucial facts a pro se litigant would not think to include in his pleadings. Moreover, pleadings drafted by counsel not only may be phrased more artfully, but also may allege viable causes of action which might not occur to the pro se litigant, or for that matter, to the Court."

2. Thus in the light of above- mentioned judgments the Plaintiff is entitled to a liberal construing of his pleadings by this honorable Court.

## FACTUAL BACKGROUND

3. On May 11, 2022, the Plaintiff was the victim of an assault/theft by a passenger onboard a scheduled FlixBus route from New York City, NY to Atlanta, GA. The Plaintiff and his mother began their travels from Boston, MA, and arrived in New York City. Upon arrival in New York City, NY, the Plaintiff and his mother attempted to board FlixBus but, instead, were presented with a third-party partner bus. During this trip, there was theft and assault due to the negligence of the third-party company, which could have been avoided if the proper safety standards had been in place. The Plaintiff was misled into taking a trip with a subpar company disguised as a company with up-to-par safety standards and adherence to federal guidelines regarding motorbus transport.

4. In an attempt to rectify the situation without the involvement of litigation, Plaintiff made attempts to reach a settlement agreement with no response from the Defendant. In addition to the attempts, a Demand Letter dated August 15, 2022, was mailed to the Defendants, but they never bothered to reply.

5. Thus the Plaintiff filed a Verified Complaint against your clients (Defendants) to seek damages for Negligence, Assault, Battery, and Theft.

6. However, after taking a deeper look into the matter, I decided to amend my Complaint so that I can assist this honorable Court. Therefore, the Plaintiff is before this honorable Court to seek the leave of this Court to amend his Complaint to add an additional defendant as pointed out by the

'DEFENDANTS' PROPOSED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN' to assist this honorable Court. Because in the 'DEFENDANTS' PROPOSED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN, their attorney proposed the name of 'William Charters & Tours' to be added as a necessary party/defendant. Therefore, to assist this honorable Court and to add all the necessary parties, I hereby intends to seek leave of this honorable Court to amend my Complaint.

## LEGAL STANDARD TO ALLOW LEAVE TO AMEND

1.  It is held by the apex courts in various judgments that the parties are allowed to amend their pleadings unless they are prejudiced or have no sufficient cause to amend.

2.  It also has been held time and again by honorable apex courts that a leave to amend can be granted in a case if a sufficient cause is shown and there is no prejudice while granting an order to amend. For the kind perusal of this honorable Court some of the judgments are quoted as under:

Ordinarily, a plaintiff may amend a complaint without leave of court "at any time before the entry of a pretrial order,"[1] as was the case here. An amendment which adds a party, however, is governed by OCGA § 9-11-21, which provides, "[p]arties may be ... added by order of the court on motion of any party ... and on such terms as are just."Rasheed v. KLOPP ENTERPRISES, INC. 622 S.E.2d 442 (2005) 276 Ga. App. 91

"A trial court's decision as to whether a party should be added to a lawsuit lies in the court's sound discretion and will be overturned on appeal only upon a

showing of abuse of that discretion." (Citation omitted.) Parks v. Hyundai Motor America, 258 Ga.App. 876, 880(3), 575 S.E.2d 673 (2002). But in the instant case the Plaintiff is clearly entitled to seek the amendment of her Complaint.

We have held that when a plaintiff can satisfy the statutory requirements for relation back of an amendment, set out in OCGA § 9-11-15(c),[2] denying a motion *444 for leave to amend the Complaint to add a defendant is an abuse of the trial court's discretion. Fontaine v. Home Depot, 250 Ga. App. 123, 125(1), 550 S.E.2d 691 (2001).

The addition of a new party defendant by an amendment to the Complaint requires the exercise of discretion by the trial court. See Shiver v. Norfolk-Southern R. Co., 220 Ga.App. 483, 484, 469 S.E.2d 769 (1996).

3. Thus in the light of the above mentioned judgments, this honorable Court must grant the Plaintiff an opportunity to amend her Complaint to add new counts or defendants.

## I. GROUNDS AND ARGUMENTS TO SUPPORT THE MOTION TO SEEK LEAVE TO AMEND

4. The Plaintiff submits my arguments in favor of allowing this motion as under:
   a. That Allowing Plaintiff to file the Amended Complaint would serve justice and promote judicial efficiency. Further, there would be no substantial or undue prejudice, bad faith, undue delay, or futility.
   b. Through the Amended Complaint, Plaintiff seeks to amend his list of defendants and Counts of Allegations as stated in his main Complaint so

that he may give a more efficient view to the Court of the actual points of controversy.

c. Plaintiff seeks to allege new counts based on conduct and practices uncovered by Plaintiff's main Complaint and detailed in Defendants' own court filings.

d. Plaintiff seeks to amend his Complaint and add new Defendant and counts to add facts and more reliable assertions to assist this Court more efficiently.

## II. THE DEFENDANTS

a. FLIXBUS INC.
&
b. WILLIAM CHARTERS & TOURS (Proposed Defendants)

All of them are individually or jointly responsible for the acts giving rise to this lawsuit/complaint.

## III. PROPOSED AMENDMENTS:

5. The Plaintiff, in order to seek the remedies and to narrow down the bridge of confusion, wants to amend his Complaint in the following areas:

a. The plaintiffs want to add 'William Charters & Tours' as a new defendant because their name is alleged by the existing defendants' **PROPOSED JOINT PRELIMINARY REPORT AND DISCOVERY PLAN.**

## PRAYERS AND CONCLUSION:

In the light of above mentioned circumstances and facts the Plaintiff respectfully submit before this Honorable Court to:

i. Grant him with leave to file the An Amended Complaint after adding new Defendant and additional counts if needed; and

ii. Grant any other relief/Equitable Relief that this honorable Court deems appropriate.

This 28th day of March 2023

**Respectfully submitted:**

Latney A. Russell
21595 S 231st Way
Queen Creek, AZ 85142
Pro Se Plaintiff

## CERTIFICATE OF SERVICE

I, Latney A. Russell, Pro Se Plaintiff, hereby certify that on this date, I caused/sent a copy of this pleading to be placed in a postage-paid enveloped addressed to the Attorney of Defendant/Emailed it to the below-mentioned parties/attorneys at the address stated below.

**Sent to:**

Tujuana S. McGee, Esq.
Galloway, Johnson, Tompkins, Burr & Smith, PLC
990 Hammond Drive, Suite 210
Atlanta, Georgia 30328