UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF GEORGIA

ATLANTA DIVISION

LATNEY A. RUSSELL,

               *Plaintiff,*

VS.

FLIXBUS, INC.,

          *Defendant.*

CIVIL ACTION NO.
  1:23-cv-00796-MHC


HON. JUDGE MARK H. COHEN

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff, Latney Russell      ("Plaintiff") and Defendants, FLIXBUS, INC., ("Defendant") file this Joint Preliminary Report and Discovery Plan.

**1.**   **Description of Case:**

    (a)    Briefly describe the nature of this action.

This action involves an alleged assault that occurred on May 11, 2022, in Atlanta, Georgia.

    (b)    Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.

At the time of the accident, Plaintiff alleges that he was a passenger onboard



a FlixBus that was operated by a third-party motor carrier when he believed another passenger stole his cellphone charge. Once the bus arrived at Indian Creek Bus Stop, he and the passenger exited the bus. He further alleges that when he confronted the passenger he was attached by the passenger. Plaintiff alleges the bus driver did not intervene in the assault and eventual the other passengers stopped the assault. (Please change the above para with the below mentioned suggested para)

**Plaintiff's Proposed amendments:**

On May 11, 2022, the plaintiff was subjected to an assault/theft by an onboard passenger of the Defendants (FlixBus) when he was enroute from New York City, NY, to Atlanta, GA.

As per the plaintiff he has faced this unfortunate incident when he began his journey from Boston, MA, and arrived in New York City. Upon his arrival in New York City, NY, the Plaintiff attempted to board FlixBus but he was fraudulently presented with a third-party partner bus instead. As per the plaintiff's complaint, during this trip, he and his mother were robbed and assaulted due to the negligence of the third-party company, which could have been avoided if he had been dealt with proper safety standards. The Plaintiff considered himself to be misled into taking a trip with a subpar

2

company disguised as a company with up-to-par safety standards.

The plaintiff alleged that Defendants were supposed to strictly adhere to federal guidelines regarding motorbus transport but they have failed to mitigate this issue. Thus the plaintiff sought total compensation of $400,000.00.

Discovery has only recently commenced, and the parties reserve the right to supplement, modify, or amend the foregoing as necessary, either by amendment to this report or by disclosure during formal discovery.

(c)     The legal issues to be tried are as follows:

**Plaintiff contends the following issues are to be tried:**

**Defendants contend the following issues are to be tried:**

1. Negligence

2. Negligence Per Se

    a. Violation of Title 49 of CFR, Subtitle B, § 374.403(A and B);

    b. Violation of O.C.G.A. § 51-3-2;

    c. Violation of Title 49 of CFR, Subtitle B, § 374.305

3. Assault and Battery

4. Theft

5. Other issues that arise in the course of further investigation and discovery.

(d)   The cases listed below (including both style and action number) are:

(1) Pending Related Cases: <u>None</u>.

(2) Previously Adjudicated Related Cases: <u>None</u>.

**2.    This case is complex because it possesses one (1) or more of the features listed below (please check):**

____(1)   Unusually large number of parties

____(2)   Unusually large number of claims or defenses

____(3)   Factual issues are exceptionally complex

____(4)   Greater than normal volume of evidence

____(5)   Extended discovery period is needed

____(6)   Problems locating or preserving evidence

____(7)   Pending parallel investigations or action by government

____(8)   Multiple use of experts

____(9)   Need for discovery outside United States boundaries

___(10) Existence of highly technical issues and proof

**3.    Counsel:**

The following individually named attorneys are hereby designated as lead

counsel for parties:

> Plaintiff:              Latney A. Russell
>                         21595 S 231st Way
>                         Queen Creek, AZ 85142
>                         *Pro Se*
>
> Defendants:             Tujuana S. McGee, Esq.
>                         Galloway, Johnson, Tompkins, Burr & Smith, PLC
>                         990 Hammond Drive, Suite 210
>                         Atlanta, Georgia 30328
>                         *Counsel for Defendant FlixBus*

**4.     Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____Yes,    __x__No

If yes, please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

**5.     Parties to This Action:**

(a)   The following persons are necessary parties who have not been joined with the existing defendants: William Charters & Tours

(b)   The following persons are improperly joined as parties:   None

(c)   The names of the following parties are either inaccurately stated or necessary portions of their names are omitted: None.

5

(d)     The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.     Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P 15. Further instructions regarding amendments are contained in LR 15.

(a)     List separately any amendments to the pleadings which the parties anticipate will be necessary:   Amendment of the complaint to include 'William Charters & Tours' as a defendant along with existing defendant.

(b)     Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.     Filing Times for Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions.  These times are restated below.

All other motions must be filed WITHIN THIRTY (30) DAYS after the

preliminary planning report is filed or should have been filed unless the filing party has obtained the prior permission of the court to file later.  Local Rule 7.1A(2).

(a)    *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances.  Local Rule 37.1.

(b)    *Summary Judgment Motions*: within thirty (30) days after the close of discovery, unless otherwise permitted by court order.  Local Rule 56.1.

(c)    *Other Limited Motions*: Refer to Local Rules 7.2; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending removal, emergency motions, and motions for reconsideration.

(d)    *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date the pretrial order is submitted. Refer to Local Rule 7.2F.

**8.    Initial Disclosures**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and the basis for the party's objection.

<u>The Parties do not object to serving their respective Initial Disclosures.</u>

**9.    Request for Scheduling Conference**

Does any party request a scheduling conference with the Court?   If so, please state the issues which could be addressed and the position of each party.

The Parties do not request a scheduling conference with the Court at this time.

**10.    Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by an answer to the complaint. As stated in LR 26.2a, responses to initiated discovery must be completed before the expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-months discovery period, (b) four (4)-months discovery period, and (c) eight (8)-months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

The Parties anticipate that they will both submit written discovery including Request for Interrogatories and Requests for Production of Documents. The Parties also anticipate that depositions of the respective parties will be taken, multiple other witnesses who may have relevant knowledge of the facts and circumstances giving rise to this litigation, and multiple expert witnesses.

Discovery in this matter has only recently commenced and the parties reserve the right to supplement, modify, or amend the foregoing as necessary, either by amendment to this report or by disclosure during formal discovery.

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery, please state those reasons in detail below:

The Parties believe that as a result of the professional and personal commitments of the attorneys, the case requires a four (4) month discovery track continuing until **June 23, 2023**.

**11.    Discovery Limitation and Discovery of Electronically Stored**

**Information:**

**(a)    What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

The Parties do not request any limitations or alterations on the Federal Rules of Civil Procedure or the Local Rules at this time.

**(b)    Is any party seeking discovery of electronically stored information?**

Yes    X      No

**(1)    The parties have discussed the sources and the scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

To the extent that Plaintiff or Defendant request documents from each other, these documents may be produced electronically in any manner accessible to the recipient.

**(2)    The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and in the inclusion or exclusion and use of metadata, and have agreed as follows:**

To the extent the Parties seek the production of electronically stored information, the Parties will, whenever feasible, attempt to convert or produce the information as follows:

Documents  --  .pdf

Images -- .jpg or .tif

If the receiving party needs a document or file converted to another format in order to print and/or view the document, then the producing party will make all efforts to accommodate the receiving party. Electronically stored documents will be produced via an online docu-share program (such as ShareFile or equivalent) or compact disc unless otherwise agreed.

**12.    What other orders do the parties think the Court should enter under**

**Rule 26(c) or Rule 16 (b) and (c)?** <u>None are anticipated at this time.</u>

**13.     Settlement Potential:** <u>There is no potential for settlement.</u>

**(a)     Lead counsel for the Parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on <u>March 17, 2023,</u> and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.**

**For plaintiff:**

<u>*/s/ Latney A. Russell*</u>
21595 S 231st Way
Queen Creek, AZ 85142
*Pro Se*

**For defendants:**

GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.

<u>/s/ Tujuana S. McGee</u>
Tujuana S. McGee
Georgia Bar No. 185766
*Counsel for Defendant FlixBus, Inc.*

**(b)     All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(_____)        A possibility of settlement before discovery.**

**(_____)        A possibility of settlement after discovery.**

**(_____)        A possibility of settlement, but a conference with the judge is needed.**

**(__X__)        No possibility of settlement.**

**(c)     Counsel () do or (X) do not intend to hold additional settlement**

conferences among themselves prior to the close of discovery. **The proposed date of the next settlement conference: <u>Unknown at this time but periodically</u>.**

**(d)     The following specific problems have created a hindrance to the settlement of this case.**

<u>None at this time.</u>

**14.     Trial by Magistrate Judge:**

(a)     The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court.

(b)     The parties ( X ) do not consent to have this case tried before a magistrate judge of this court.

This_____day of March 2023.

| | |
|---|---|
| /s/ Latney A. Russell<br>21595 S 231st Way<br>Queen Creek, AZ 85142<br>ralateny@gmail.com<br>Pro Se | GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH, P.C.<br><br>/s/ Tujuana McGee<br>Tujuana S. McGee<br>Georgia Bar No.: 185766<br>TMcGee@gallowaylawfirm.com<br>Counsel for Defendant, FlixBus, Inc. |

*******

**SCHEDULING ORDER**

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, as herein modified:

_____

_____

IT IS SO ORDERED, this day of_____2023.


_____
UNITED STATES DISTRICT JUDGE


Respectfully submitted,

/s/ Tujuana S. McGee

_____
TUJUANA S. MCGEE
GEORGIA BAR NO.: 185766
TMcGee@gallowaylawfirm.com


GALLOWAY, JOHNSON, TOMPKINS, BURR & SMITH
A Professional Law Corporation
990 Hammond Drive, Suite 210
Atlanta, Georgia 30328
Telephone:   (678) 951-5100
Facsimile:   (678) 951-1510
**Attorneys for Defendant, Flixbus, Inc.**